IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHAYNE BERTELSEN,<br><br>Plaintiff,<br><br>vs.<br><br>PETE DUNHOP, WARDEN; CATHERINE JOHNSON, ASSISTANT WARDEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Defendants. | CV 21-124-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Shayne Bertelsen filed a Complaint advancing allegations that the Incest charge against him was "made up" by prosecutors in Montana's Eighth Judicial District, Cascade County. (Doc. 2 at 4-55.) He further asserts that the Montana Supreme Court concluded he was not guilty and reversed his state conviction, yet authorities at Crossrorads/CoreCivic refuse to release him. *Id*. at 3-4, 9. Mr. Bertelsen also seeks leave of the Court to proceed in forma pauperis. (Doc. 1.)

As explained below, because Mr. Bertelsen's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), he fails to state a federal claim for relief. The Complaint should be dismissed.

I. **Motion to Proceed in Forma Pauperis**

Mr. Bertelsen has filed a motion to proceed in forma pauperis which the

1

Court finds sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Bertelsen must pay the statutory $350.00 filing fee. Mr. Bertelsen has insufficient funds to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Mr. Bertelsen will be directed to forward payments from Mr. Bertelsen's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Analysis

Mr. Bertelsen is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

By way of background, a Cascade County jury found Mr. Bertelsen guilty of Incest in January of 2017. Following trial, but prior to sentencing, Bertelsen filed a habeas petition with this Court alleging actual innocence, unlawful "coaching" of the victim, collusion of law enforcement resulting in an illegal forensic interview, and the withholding of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). That matter was dismissed without prejudice as unexhausted and Bertelsen was advised of the steps he needed to take in order to properly exhaust his constitutional claims within the state court system. See, *Bertelsen v. State*, Cause No. CV-17-48-GF-BMM, Or. at 2-3 (D. Mont. July 10, 2017).

Bertelsen filed a second habeas petition with this Court in which he advanced similar claims relating to his actual innocence, the alleged withholding of investigatory materials, and irregularities in the state court proceedings. It was noted that Bertelsen had an active direct appeal pending and his petition was again dismissed as unexhausted. See, *In re: Bertelsen*, Cause No. CV-19-20-GF-BMM, Or. (D. Mont. April 9, 2019).

In his direct appeal before the Montana Supreme Court, Mr. Bertelsen argued the district court erred in denying his motion to dismiss for lack of speedy trial and that the district court illegally imposed an information technology fee as part of his sentence. See, *State v. Bertelsen*, 2020 MT 888N, ¶ 2. The Montana Supreme Court affirmed the district court's denial of Mr. Bertelsen's speedy trial

motion but remanded the case to the lower court with a limited directive to correct the sentence relative to the improper imposition of the technology fee. *Id*. at ¶ 20.

Mr. Bertelsen filed a third habeas petition in this Court raising similar claims in which he generally alleged there was insufficient evidence to convict him. This Court once again dismissed the matter without prejudice based upon Mr. Bertelsen's failure to exhaust his federal constitutional claims in the state court system. *Bertelsen v. Attorney General*, Cause No. CV-20-39-GF-BMM, Or. (D. Mont. June 30, 2020). Mr. Bertelsen appealed. On February 10, 2021, the Ninth Circuit denied Mr. Bertelsen's request for a certificate of appealability. See, *Bertelsen v. Attorney General*, Cause No. 20-35656, Or. (9th Cir. Feb. 9, 2021).

Mr. Bertelsen then filed a fourth petition for habeas relief in this Court. In his petition it appeared Mr. Bertelsen may have been attempting to challenge the conditions of his confinement. Accordingly, this Court explained the difference between habeas proceedings under 28 U.S.C. § 2254 and prisoner civil rights actions filed under 42 U.S.C. § 1983. See, *Bertelsen v. Dunhop et al*., Cause No. CV-21-102-GF-BMM, Or. at 4-5 (Oct. 7, 2021). The Court also provided Mr. Bertelsen with a copy of the standard civil rights complaint form. Mr. Bertelsen completed and returned the form which is now the basis for the instant action.

Although Mr. Bertelsen states he is suffering due to his present incarceration, see (Doc. 2-1 at 1), he does not raise any claims relative to the

4

conditions of his confinement at Crossroads/Core Civic. Rather he explains he is suffering because he did not commit Incest and he maintains the Montana Supreme Court concluded he is innocent. *Id.* at 1-2, 4. Mr. Bertelsen goes on to challenge the criminal investigation and state proceedings that took place and he claims that the investigators and prosecutors colluded in order to convict him. *Id.* at 2-4.

Mr. Bertelsen's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* at 486-87; see also, *Smith v. City of Hemet*, 394 F. 3d 689, 695 (9th Cir. 2005)(en banc)("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'"(citation omitted)). Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith*, 394 F. 3d at 695 (quoting *Heck*, 512 U.S. at 487).

Mr. Bertelsen's claims that his constitutional rights were violated beginning with the criminal investigation against him and during his jury trial would necessarily imply the invalidity of his conviction and sentence and are therefore

barred by *Heck*.

Additionally, there is no basis for Bertelsen's continued insistence that the Montana Supreme Court has concluded he is innocent. As explained above, in his direct appeal the Montana Supreme Court affirmed the district court's denial of Mr. Bertelsen's speedy trial motion and reversed the district court's incorrect application of the technology user fee and remanded the matter so that the fee issue could be corrected. See, *Bertelsen,* 2020 MT at ¶¶ 18, 20. Importantly the Montana Supreme Court did not reverse or dismiss Mr. Bertelsen's criminal Incest conviction.

## Conclusion

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Mr. Bertelsen has failed to state a claim upon which relief may be granted his claims are barred by *Heck*. This is a defect which could not be cured by amendment; leave to amend would be futile. This matter should be dismissed.

### "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Mr. Bertelsen has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

### ORDER

Mr. Bertelsen's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

### RECOMMENDATION

1. This matter should be DISMISSED. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal

Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the Complaint fails to state a federal claim upon which relief may be granted.

### NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bertelsen may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of February, 2022.

> */s/ John Johnston*
> John Johnston
> United States Magistrate Judge